Brown, C.J.,
dissenting.
*441 {¶ 10} I respectfully dissent. Consistent with the opinion of the court of appeals’ magistrate, I would remand this case to the Industrial Commission for reevaluation of Marrero’s application for wage-loss compensation.
{¶ 11} In my view, the Industrial Commission abused its discretion in denying in its entirety Marrero’s working-wage-loss compensation application. The commission denied the application on the sole basis that “there is no evidence that the Injured Worker engaged in a good faith job search for alternate work consistent with her physical restrictions in order to mitigate her wage loss.”
{¶ 12} Marrero argues that her employer had led her to believe she would be provided full-time, light-duty employment at the same rate of pay she received prior to her injury. She provided supporting evidence of that fact, and the employer provided no evidence to the contrary. Her evidence demonstrated that during the month of March 2007, her employer originally scheduled her to work full-time hours, but thereafter sent her home twice, took her off the schedule five times, and cut short her hours on three other occasions. With the exception of one day in July 2007, Marrero worked a full-time, light-duty schedule that entire month. It was not until the end of August 2007 that Marrero noted that her employer was “no longer giving [her a] full time 5 days a week schedule.” While it is true that the employer sent Marrero a letter specifically stating that it had no “permanent ‘light duty’ assignments,” that letter was not sent until February 2008 — nearly a year after her return to work.
{¶ 13} The employer concedes that Marrero “apparently worked all hours available and offered to her” but nevertheless argues that she alone “has the burden to insure the presentation and preservation of evidence in the record as to the reasons she did not have full time work.” In effect, it is the position of Marrero’s employer that an employer may lead a returning worker to the reasonable belief that she has a full-time job consistent with her postinjury limitations at the same rate of pay — then, in the event that the employer fails to provide the expected work and the worker subsequently applies for wage-loss compensation, fault the worker for not looking for a different full-time job.
{¶ 14} In denying Marrero’s claim, the commission improperly made evidence of a “good faith effort to search for suitable employment which is comparably paying work,” Ohio Adm.Code 4125-l-01(D)(l)(c), a sine qua non of an award of wage-loss compensation — even in circumstances in which the worker reasonably believes that she already has secured comparably paying work. The text of R.C. 4123.56 (the wage-loss-compensation statute) does not justify that conclusion; neither does Ohio Adm.Code 4125-1-01 or this court’s precedent.
{¶ 15} R.C. 4123.56 does not expressly impose on a wage-loss claimant the duty to engage in a job search. It simply provides that an employee with an allowed workers’ compensation claim who “suffers a wage loss as a result of returning to *442 employment other than the employee’s former position of employment due to an injury or occupational disease” shall receive wage-loss compensation for up to 200 weeks. (Emphasis added.) R.C. 4123.56(B)(1). An award of wage-loss compensation thus requires a causal relationship between the wage loss and the allowed injury. The implementing regulation, Ohio Adm.Code 4125-l-01(D)(l)(c) — not the statute — provides that in giving consideration to a claimant’s search for suitable employment, a “good faith effort to search for suitable employment which is comparably paying work is required * * *. ” (Emphasis added.) In my view, this provision is consistent with R.C. 4123.56, and therefore valid and enforceable, only to the extent that a failure to undertake a job search demonstrates that the wage loss is not causally related to the allowed injury, i.e., that the wage loss is the result of a separate and independent reason.
{¶ 16} Accordingly, this court has held that it is the responsibility of the commission to view “the claimant’s employment situation broadly” to determine whether a worker who works part-time hours without looking for a full-time position has voluntarily limited her income. State ex rel. Brinkman v. Indus. Comm. (1999), 87 Ohio St.3d 171, 174, 718 N.E.2d 897. In that event, the wage loss is not causally related to the allowed injury, as required by R.C. 4123.56. In recognizing exceptions to the good-faith job-search requirement of Ohio Adm.Code 4125-l-01(D)(l)(c), this court has held that it is inconsistent with the wage-loss-compensation statute to require a good-faith job search in every wage-loss compensation case. See, e.g., Brinkman, id.; State ex rel. Timken Co. v. Kovach, 99 Ohio St.3d 21, 2003-Ohio-2450, 788 N.E.2d 1037, ¶ 22. I support the conclusion of the Tenth District Court of Appeals that “the analysis discussed in Brinkman should be applied to all situations in which an injured employee obtains post-injury part-time employment to determine whether, under the totality of that individual employee’s circumstances, the limitation of income was voluntary.” State ex rel. Borden, Inc. v. Martin, Franklin App. No. 03AP-257, 2004-Ohio-4647, 2004 WL 1945661, ¶ 12.
{¶ 17} In my view, this case should be remanded for adjudication of the point in time at which Marrero reasonably should have recognized that her employer was not going to provide her with full-time work. Until that time, her failure to look for other full-time light-duty work should not bar an award of wage-loss compensation. A worker should not be required to undertake a good-faith job search if she reasonably believes that she already has a job providing equivalent pay. I would therefore expressly recognize an exception to the good-faith job-search requirement of Ohio Adm.Code 4125-l-01(D)(l)(c) when an employer leads an injured worker to the reasonable belief that full-time, comparably paid working hours will be offered, but thereafter fails to provide that work.
*443 Shapiro, Shapiro & Shapiro Co., L.P.A., Leah P. VanderKaay, and Daniel L. Shapiro, for appellant.
Richard Cordray, Attorney General, and Elise Porter, Assistant Attorney General, for appellee Industrial Commission.
Deborah Sesak, for appellee Life Care Centers of America, Inc.
{¶ 18} Accordingly, and consistent with the reasoning of the magistrate in the court of appeals, I would issue a writ of mandamus ordering the commission to consider the facts and circumstances surrounding Marrero’s employment situation prior to either granting or denying Marrero’s wage-loss-compensation claim. Only then will the commission be able to make an informed determination as to whether the claimant voluntarily limited her compensation to preclude an award of wage-loss compensation and, if so, determine the date at which Marrero’s acceptance of part-time work may be deemed voluntary so as to thereafter bar an award of wage-loss compensation.
Pfeifer and Lundberg Stratton, JJ., concur in the foregoing opinion.